UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

STEVENSON D..,

      Petitioner,

    v.

WARDEN, CALIFORNIA CITY
CORRECTIONS CENTER, et al.,

      Respondents.

No. 1:26-cv-02490-TLN-DMC

**ORDER**

This matter is before the Court on Petitioner Stevenson D.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus (ECF No. 1.) and Motion for Temporary Restraining Order ("TRO") (ECF No. 2).  Respondent filed a consolidated answer to the Petition for Writ of Habeas Corpus and opposition to the Motion for TRO.  (ECF No. 7.)  For the reasons set forth below, Petitioner's habeas petition is GRANTED.[2]  (ECF No. 1.)  Petitioner's Motion for TRO is DENIED as moot. (ECF No. 2.)

---

[1]    The Court omits Petitioner's full name to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2]    On April 6, 2026, the Court issued a minute order granting Petitioner's habeas petition and ordering his immediate release.  (ECF No. 8.)  This Order explains the Court's reasoning.

1

### I.      FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a noncitizen who applied for admission to the United States on June 22, 2024. (ECF No.7 at 1.)  Petitioner was charged with a Notice to Appear and released from immigration custody.  (*Id.*)  On February 26, 2026, Petitioner was redetained.  (*Id.* at 17.)

On April 1, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus.  (ECF No. 1.)  Petitioner challenges the lawfulness of his civil detention.

### II.     STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.    ANALYSIS

Petitioner claims his detention violates the Fifth Amendment Due Process Clause.  (ECF No. 1 at 5.)  In opposition, Respondents contend Petitioner is an "applicant for admission" subject to the mandatory detention scheme of 8 U.S.C. § 1225(b)(1) ("§ 1225(b)(1)").  (ECF No. 7 at 2.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law.  U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status.  *Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or

2

permanent."). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts evaluate procedural due process claims in two steps: the first asks whether there exists a protected liberty interest, and the second examines the procedures necessary to ensure any deprivation of that interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

First, the Court finds Petitioner has a protected liberty interest in his continued freedom. *Morrissey*, 408 U.S. at 482; *see Salcedo Aceros v. Kaiser*, No. 25-cv-06924-EMC, 2025 WL 2637503, at *6 (N.D. Cal. Sept. 12, 2025) ("Accordingly, a noncitizen released from custody pending immigration proceedings has a protected liberty interest in remaining out of custody.").

Second, the Court finds that pursuant to the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his redetention. *See Shrey N. v. Warden of the Golden State Annex Detention Facility, et al.,* No. 1:26-cv-00345-TLN-AC, 2026 WL 252053, at *4 (E.D. Cal. Jan. 30, 2026). He received neither. Accordingly, the Court finds Respondents violated Petitioner's due process rights.[3]

Therefore, Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

**IV.    CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED:

1.    Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

2.    Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondent shows material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondent demonstrates by clear and convincing evidence that the

---

[3]    Petitioner also challenges his detention as violating the Immigration and Nationality Act. (ECF No. 1 at 5.) As the Court concludes Petitioner's detention violates the Due Process Clause, the Court need not address Petitioner's statutory claim.

Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

      3.      Petitioner's Motion for TRO is DENIED as moot.  (ECF No. 2.)

      4.      The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

      IT IS SO ORDERED.

Date: May 28, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE